# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JAVIOUS L. HUGHES                                                                        PLAINTIFF
#160322

v.                                     4:20-cv-00790-BRW-JJV

MARGRET HOGG, *et al.*                                             DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Javious L. Hughes ("Plaintiff") is currently incarcerated at the Lincoln County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He sued Detention Center Supervisor Tyler Burgess and Sheriff's Secretary Margret Hogg (collectively "Defendants") in their personal and official capacities.  (*Id*. at 1-2.)  Plaintiff's allegations are brief.  He asserts:

> On Tuesday, June 16, 2020, jail supervisor Tyler ___ brought me 2 packages of legal mail, one of which was open.  The post mark date was June 11th 2020.  When Mr. Tyler handed me my mail he told me that one of my packages of legal mail was opened by accident.
>
> On Wednesday June 17th 2020 the jail supervisor Tyler B. brought me 2 more packages of legal mail, one of which was open.  The post mark date was June 15th 2020.  When Mr. Tyler handed me my mail he told me again one of my packages of legal mail was opened by mistake.

(Doc. No. 2 at 5.)

Plaintiff maintains the opening of his legal mail was a violation of his federally-protected rights and seeks damages.  (*Id*. at 6.)  For the reasons set out below, I recommend Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted.

2

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's claims should be dismissed for the reasons set out below.

### A. Official Capacity Claims

Plaintiff sued Defendants in their official and personal capacities. Plaintiff's official capacity claims against Defendants are the equivalent of claims against Lincoln County. *See Monell v. Dep't. of Social Services,* 36 U.S. 658 (1978); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Under these circumstances, Plaintiff could establish liability against

Lincoln County by showing that the County has a policy, custom, or practice that caused his alleged injury. *Veatch*, 627 F.3d at 1257. Plaintiff has not, however, pled any facts indicating that a policy, practice or custom was the moving force behind the alleged violation of his rights. Accordingly, Plaintiff's official capacity claims should be dismissed.

### B. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. (Doc. No. 2 at 1.) To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

#### 1. Defendant Burgess

Plaintiff alleges that on two separate occasions Defendant Burgess brought him legal mail that had been opened. He fails to state a claim against Defendant Burgess in his personal capacity for several reasons. Plaintiff does not allege Defendant Burgess opened the mail and he does not identify any act or omission by Defendant Burgess that I can interpret as violating Plaintiff's rights, even liberally construing his Complaint. Because liability under § 1983 is based on an individual's actions, Plaintiff failed to state a claim against Defendant Burgess by omitting any alleged action by him. *See Iqbal*, 556 U.S. at 678.

Beyond that, "the mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment" for First Amendment purposes even when the mail is sent from the clerk of the court. *Harrod v. Halford*, 773 F.2d 234, 236 (8th Cir. 1985). Whether mail is to be considered legal mail for First Amendment purposes is a question of law. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Plaintiff identified the opened legal mail as having the postmarks of June 11, 2020, and June 15, 2020. (Doc. No. 2 at 5.) Plaintiff attached to his motion to proceed *in forma pauperis* a photocopy of two envelopes, one bearing the date June 11, 2020, the second bearing the date June 15, 2020. (Doc. No. 1 at 5, 6.) Noted in handwriting on each envelope is that the parcel was opened by mistake. (*Id.*) The return address on each envelope shows that the mail was sent to Plaintiff from the Clerk's Office of the United States District Court for the Eastern District of Arkansas. (*Id.*) Considering *Harrod*, I find the mail at issue in this case is not legal mail in the First Amendment sense.

Further, if the parcels were legal mail, Plaintiff nonetheless failed to state a claim. Isolated incidents of legal mail being opened generally does not give rise to a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Plaintiff complains of only two occasions on which his mail was opened. These isolated incidents, without more, would not give rise to a constitutional violation—and without a violation of federally-protected rights, Plaintiff failed to state a § 1983 claim.

### 2. Defendant Hogg

Plaintiff names Margret Hogg as a Defendant but he makes no allegations against her. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678. Because Plaintiff made no allegations against Defendant Hogg, he failed to state a claim against her.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's official capacity claims be DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

2. Plaintiff's claims against Defendants Hogg and Burgess be DISMISSED without prejudice for failure to state a claim upon which relief may be granted;

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED;

4. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g); and

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of June 2020.

.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE